**UNITED STATES of America, Appellee,**

v.

**Edward Frank STENCIL, Sr., Appellant.**

No. 79–5333.

United States Court of Appeals,
Fourth Circuit.

Submitted Aug. 12, 1980.

Decided Sept. 22, 1980.

Joseph F. Murphy, Jr., White & Murphy, Towson, Md., on brief, for appellant.

Russell T. Baker, Jr., U. S. Atty., Glenn L. Cook, Asst. U. S. Atty., Baltimore, Md., for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and MURNAGHAN, Circuit Judges.

PER CURIAM:

Defendant Edward Frank Stencil, Sr. was convicted of the unauthorized acquisition and possession of food stamps in violation of 7 U.S.C. § 2024(b). At the close of the government's case the defendant moved for a judgment of acquittal solely on the ground that his acquisition and possession of the food stamps was in fact "authorized." In support of this contention the defendant argued that because the undercover agent who sold him the food stamps was authorized to dispense them, the defendant's acquisition and possession of the food stamps was likewise authorized. Rejecting this argument, the district court denied the motion and found the defendant guilty.

On appeal, Stencil reasserts the argument advanced before the district court. We find that argument totally without merit, and we affirm. In 7 U.S.C. § 2024(a), Congress authorized the issuance or presentment of food stamps for enforcement purposes. In 7 U.S.C. § 2024(b), Congress made the unauthorized acquisition of food stamps a crime. Obviously, Congress did not intend to exempt from criminal penalties anyone who acquired food stamps from an undercover agent. The fact that a seller is authorized to sell does not mean that the buyer must necessarily be cloaked with authority to buy.

The defendant purchased food stamps with merchandise, not with food as required by the statute, and he was not an approved participant in the food stamp program. As a consequence, his conduct violated 7 U.S.C. § 2024(b), and the district court properly denied the motion for acquittal.

Because we do not think that it would aid the decisional process, we dispense with oral argument.

AFFIRMED.